UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROYCE GAYLE DRENNON, )
)
    Plaintiff, )
)
v. )   No. 3:06mc0126
)   Judge Campbell
A.B.L., ET AL., )
)
    Defendants )

3 06 1136

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center (CJC) in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) A.B.L., described as a contract food services provider at CJC;[1] and 2) the Davidson County Sheriff's Office. The plaintiff seeks injunctive relief and money damages, alleging that the defendants violated his rights under the Eighth Amendment.

The plaintiff alleges that the food served at CJC is spoiled, rotten, sour, and/or out of date and, as such, it does not provide adequate nutrition. (Complaint, ¶ IV) The plaintiff alleges that the poor quality of the food has caused him to experience weight fluctuations, stomach viruses, diarrhea, and constipation. (Complaint, ¶ IV) According to the plaintiff, CJC officials are aware of the alleged problem with the food, but have done nothing about it. (Complaint, ¶ IV)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

---

[1] It unclear from the complaint whether defendant A.B.L. is a corporate entity under contract to provide food services at CJC, or whether A.B.L. are the initials of private food services employee who works at CJC.

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claim lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### Conditions-of-Confinement Claims Generally

The Eighth Amendment "imposes duties on [prison and jail] officials, who must provide humane conditions of confinement; [these] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

2

omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991))

### Defendant A.B.L.

The first question is whether defendant A.B.L., apparently a private entity/person, is a state actor for purposes of § 1983. The Sixth Circuit uses three tests to determine if private conduct of the sort alleged is attributable to the state. They are: 1) the public function test set forth in *West v. Atkins*, 487 U.S. 42, 49-50 (1988); 2) the state compulsion test set forth in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (197); 3) the symbiotic relationship or nexus test set forth in *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 and n. 8 (6th Cir. 2003)(citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . " *Wolotsky*, 960 F.2d at 1335. The state compulsion test requires the actor to exercise "such coercive power or provide such encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Finally, under the symbiotic or nexus test, "the action of the private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* (citing *Jackson*, 419 U.S. at 351 and *Burton*, 365 U.S. at 724-25).

Analyzed under the foregoing tests, defendant A.B.L. appears to be a state actor for purposes

3

of § 1983, whether defendant A.B.L. is a corporate entity or an individual employed to provide food services at CJC. The next question is whether the plaintiff has alleged sufficient facts to support a claim that defendant A.B.L. violated his rights under the Eighth Amendment.

As previously noted, *supra* at p. 2, prison officials are required to provide inmates with adequate food. For Eighth Amendment purposes, adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food). Depriving an inmate of adequate food, or serving him contaminated food, establishes grounds for a violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).

The plaintiff alleges that he has suffered physical problems because of the food served at CJC. Because the plaintiff's claim is not facially frivolous, process will issue as to defendant A.B.L.

### Defendant Davison County Sheriff's Office

The plaintiff names the Davidson County Sheriff's Office as a defendant to this action. "Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A sheriff's office is not a body politic, and as such, is not a person within the meaning of § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992).

For the reasons explained above, the Davidson County Sheriff's Office is not a person for

4

purposes § 1983. Because the plaintiff cannot establish the second part of the two-part test under *Parratt, supra* at pp. 1-2, his claim lacks an arguable basis in law or fact. Therefore, the plaintiff's claim against defendant Davidson County Sheriff's Office will be dismissed as frivolous.

An appropriate Order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge