IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROYCE GAYLE DRENNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:06-1136 |
| | ) Judge Campbell/Bryant |
| A.B.L. MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

To: The Honorable Todd J. Campbell, Chief Judge

**REPORT AND RECOMMENDATION**

## I. Introduction

By order entered November 2, 2007 (Docket Entry No. 55), this civil rights lawsuit was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for decision on all pretrial matters and for report and recommendation on all dispositive motions.

Plaintiff Royce Gayle Drennon ("Plaintiff" or "Drennon"), who was at all relevant times an inmate in custody of the Davidson County Sheriff's Office ("DCSO") in Nashville, Tennessee, filed this lawsuit on November 27, 2006, seeking injunctive and monetary relief pursuant to 42 U.S.C. § 1983. (Docket Entry No. 1). On November 27, 2006, the District Court dismissed the DCSO from this action, but did not dismiss the claims against Defendant A.B.L. Management, Inc. ("Defendant" or "A.B.L."). (Docket Entry No. 3-1). On April 3, 2008, Defendant

filed Defendant's Motion for Summary Judgment and supporting Memorandum of Law. (Docket Entry Nos. 63, 65). Plaintiff filed a response on April 28, 2008, requesting that the court deny the motion. (Docket Entry No. 68). Plaintiff further requested a continuance to secure discovery and affidavits he believed necessary to draft an adequate response. On April 28, 2008, the court granted plaintiff a continuance for discovery purposes until May 30, 2008. (Docket Entry No. 70). The court set June 10, 2008 as the filing deadline. Plaintiff, however, did not timely file an updated response.

This Report and Recommendation addresses defendant's Motion for Summary Judgment. For the reasons stated herein, the Magistrate Judge recommends that defendant's Motion for Summary Judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## II. Relevant Undisputed Facts

Defendant A.B.L. supplies food and food services to the Hill Detention Center ("HDC"), operated by the DCSO in Nashville, Tennessee. At all relevant times, plaintiff received food provided by Defendant. On July 16, 2006, July 20, 2006, and July 27, 2006, plaintiff alleges that defendant served him rotten, spoiled, and sour food, which caused him to suffer stomach illness, poor nutrition, and diarrhea. Complaint p. 3-4. As a result, plaintiff filed a number of grievances with the DCSO.

2

Compl. P. 2. On November 27, 2006, plaintiff filed his complaint in this court, alleging violations of 42 U.S.C. § 1983 by defendant and the DCSO.

### III. Conclusions of Law

#### A. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In order to prevail, the movant has the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The substantive law governing the claims will identify which facts are material. In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

In order to defeat the motion, the nonmoving party is required to show, after an adequate time for discovery, that there is a genuine issue of fact as to every essential element of that party's case upon which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 324. In making this showing,

3

the nonmoving party may not merely rest on conclusory allegations contained in the complaint, but must produce affirmative evidence supporting her claims. Id. In order to create a genuine factual issue, the nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**B. Administrative Remedies and 42 U.S.C. § 1983**

Under the Prison Litigation Reform Act ("PLRA"), an inmate cannot file an action in federal court "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust all available remedies, a prisoner must "appeal the denial of that complaint to the highest possible administrative level." Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir. 1997). In other words, an inmate must complete one round of the prison's dispute resolution system before being permitted to file an action under 42 U.S.C. § 1983 in federal court. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), overruled in part on other grounds, 548 U.S. 81 (2006). Thus "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 127 S.Ct. 910, 923 (2007).

Plaintiff's response brief includes a copy of the form used by the DCSO to facilitate both inmate grievances and appeals.

4

(Docket Entry No. 68-2). Atop this form is language describing the remedies available to DCSO inmates and the corresponding filing deadlines. For each incident alleged, this language permits an initial grievance and one appeal, in the event the prisoner receives an unfavorable ruling. No further requirements toward concluding the grievance process are described in defendants' proof. Therefore, the undersigned concludes that in order to exhaust his administrative remedies for any incidents occurring while in the custody of the DCSO, plaintiff was required to file in timely fashion both an initial grievance and an appeal. See Lewis v. England, No. 3:07-0559, 2008 WL 160778, at *1 (M.D. Tenn Jan. 15, 2008).

With these requirements in mind, the undersigned finds that, because plaintiff did not properly appeal the denial of his grievances, he did not exhaust the available remedies of the DCSO's dispute resolution system, and thus may not proceed in federal court. There is no dispute that plaintiff properly filed a number of initial grievances regarding food service issues. However, plaintiff's lone documented "appeal," though an appeal in form, does not appear to meet the necessary substantive requirements to constitute an appeal for the purpose of exhausting the administrative process. The language of the document suggests that it was an inquiry into the status of three previously filed grievances, rather than an appeal from an

unfavorable decision on those grievances. (Docket Entry No. 68-2). Because the document does not meet the requirements of a valid appeal as defined by the DCSO Inmate Grievance Form (Docket Entry No. 68-2), it cannot be used to show that plaintiff successfully completed one round of the prison's dispute resolution system, as is necessary to exhaust all available remedies.

Furthermore, defendant filed the affidavit of Constance Taite, Legal Coordinator for the DCSO, which supports the conclusion that plaintiff did not submit a proper appeal and thus did not exhaust all available remedies. According to documents filed in Ms. Taite's affidavit, the DCSO informed plaintiff of the denial of his grievances on August 1, 2006, November 21, 2006, December 21, 2006, and January 29, 2007. Taite Aff. Ex. A, C, E, G, I. Because plaintiff submitted his inquiry on November 7, 2006, the only decision available for appeal was that disclosed to plaintiff on August 1, 2006. According to Ms. Taite's affidavit, the decision communicated to plaintiff on August 1, 2006 was a response to his grievance about receiving inadequate portions of food. Taite Aff. Ex. A. Plaintiff's November 7, 2006 inquiry, on the other hand, concerned his receipt of rotten oranges and watered down syrup and Kool-Aid. Based on this evidence, it is clear that plaintiff's inquiry was not a response to a grievance denied by the DCSO, but rather

6

communicated his interest in learning the status of subsequent ongoing grievances he filed in regards to other concerns. Because plaintiff did not properly appeal an unfavorable decision, he did not exhaust the prison's available administrative remedies and therefore is not permitted to bring this action in federal court.

In addition, despite being granted a requested extension, plaintiff did not timely file a supplemental response with the testimony he expected to support his exhaustion claim. For this reason, the undersigned will accept as true the undisputed information provided by Ms. Taite, as well as the supporting documents included with her affidavit. Plaintiff has failed to demonstrate the existence of a genuine issue of material fact for trial, and thus his claim cannot survive summary judgment.

### IV.  Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendant's Motion for Summary Judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any

7

objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc.).

**ENTERED** this 24th day of July, 2008.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge